### KIERNAS v. WOLFF et al.

*(Supreme Court, General Term, Second Department.* May 12, 1890.)

DECEIT—EVIDENCE.
   In an action for deceit in the sale of a horse, evidence of the condition of the animal after its death, 31 days after the sale, is irrelevant, unless followed up by proof that the horse was unsound at the time of the sale.

Appeal from Kings county court.

Action by Francis Kiernas against Armand Wolff and Jules Wolff, for deceit in the sale of a horse, originally brought in a justice's court, where the complaint was dismissed upon the ground that there was no fraud shown in the sale. The justice excluded testimony offered by plaintiff to show the condition of the horse at its death, 31 days after the sale. The county court reversed the judgment "for error in rejecting testimony." From the judgment entered on the order of reversal, defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*W. B. Hurd, Jr.*, for appellant. *James F. Quigley*, for respondent.

PRATT, J. The plaintiff made out no case, either upon a warranty or for deceit. What he might have done if permitted to put in his testimony cannot be determined. The case is so badly reported that it is impossible to say whether or not any material evidence was rejected. No question is asked or offer of proof made as to any evidence that we are able to say was material. Sending for a surgeon after the horse was dead, or proving his age, had no tendency to prove fraud, unless it was followed up by proof that would show that the horse was unsound at the time of the purchase. The question put to the witness Finnegan, to-wit, "Did you examine the horse that day?" was only important if preliminary to some further inquiry, of which no indication is given by the printed case. The presumption that the original judgment was properly rendered cannot be lightly overthrown. Much takes place on every trial of which the reviewing court must necessarily be ignorant. The discussions of counsel, upon which courts largely depend, and the tacit concessions which take place in all trials, cannot be fully represented upon the record. To require every word spoken upon a trial by court, counsel, and witnesses to be reproduced in the appeal-book would be an intolerable burden. The only practicable rule is that the appealing party must assume the task of showing clearly that the judgment rendered was based upon error. The appeal-book must be so prepared as to bring out the points upon which error is predicated, and the appellate court must be able to see wherein error took place, or the judgment should be affirmed. The county court seems to have held that the respondent was bound to show affirmatively that no errors were committed. By that rule, very few judgments could stand. The judgment of the county court must be reversed, and the judgment of the justice of the peace affirmed, with costs. All concur.